IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**THEODORE JAMES PRIEST,**
    **Plaintiff,**

vs.                                            **Case No.: 3:07cv116/RV/MD**

**JONATHAN E. NETTLES, et al.,**
    **Defendants.**

## REPORT AND RECOMMENDATION

**Plaintiff, a prisoner proceeding** *pro se,* **initiated this civil rights action on March 11, 2007 by filing a civil rights complaint and a motion to proceed** *in forma pauperis.* **(Docs. 1, 2). On April 27, 2007 this court granted plaintiff leave to proceed** *in forma pauperis,* **and assessed an initial partial filing fee of $16.17 based on review of the average monthly deposits in his inmate trust account for the period October 8, 2006 - April 8, 2007. (Doc. 7.). Plaintiff was directed to submit the initial partial filing fee within thirty days. Although plaintiff filed various motions during the 30-day period, he did not submit the initial partial filing fee.**

**Accordingly, on June 11, 2007 this court issued an order directing plaintiff to show cause why his case should not be dismissed for failure to comply with an order of the court. (Doc. 12). Plaintiff responded by filing a Petition to Hold Court Cost in Abeyance until November 16, 2007, thirty days after his anticipated release from prison on October 16, 2007. (Doc. 13). The undersigned granted plaintiff a thirty-day extension, until July 30, 2007. (Doc. 14). Plaintiff was advised that no further extensions would be granted absent exceptional circumstances, and that if he chose not to pursue this litigation at this time, he should file a notice of voluntary dismissal.**

**Plaintiff then submitted $6.00 of the $16.17 initial partial filing fee. (Doc. 15). However, the deadline for submitting the remaining portion passed with no further payment. Instead, plaintiff filed another motion seeking an extension until November 16, 2007 in which to submit the remaining portion of the initial partial filing fee. Because plaintiff's motion failed to demonstrate exceptional circumstances warranting a further extension, the court denied it. (Doc. 17). It was provided, however, that plaintiff had a final opportunity to show cause why this case should not be dismissed by either (1) submitting an updated copy of his trust fund account statement demonstrating that he had been unable to pay the fee, or (2) paying the remainder of the initial partial filing fee ($10.17).**

**Plaintiff has responded to the order by submitting an updated account statement. (Doc. 18). The statement reveals that on June 25, 2007 plaintiff received a $30.00 deposit; that $6.00 was automatically withheld and forwarded to this court;[1] that plaintiff had $23.51 remaining in his account; and that instead of paying the remaining $10.17 due on his initial partial filing fee, he spent $20.38 in the Canteen.**

**Plaintiff's response to the show cause order not only fails to show that he was unable to pay the initial partial filing fee, it affirmatively demonstrates that plaintiff has declined to pay the initial partial filing fee despite his ability to do so.**

**Accordingly, it is respectfully RECOMMENDED:**

**1. That this cause be DISMISSED WITHOUT PREJUDICE for plaintiff's failure to comply with this court's April 27, 2007 order.**

**2. That the clerk be directed to close the file.**

**At Pensacola, Florida, this 24th day of August, 2007.**

/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**

---

[1]This payment is referenced above, and appears on the docket as doc. 15.

*Case No: 3:07cv116/RV/MD*

## **NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**